## M. W. COFFEE v. F. B. COOK.

**Title Bond—Assignment—Warranty of Title.**
    An assignment of a bond for a conveyance of land does import a warranty of the title.

**Amended Answer—Not Permitted to Filed—Bill of Exception.**
    Where the lower Court erred in not permitting the amended pleading to be filed, the error is not available in the Appellate Court as it was not made part of the record by a bill of exceptions or order of the Court identifying it.

January 15, 1868.

APPEAL FROM MORGAN CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE HARDIN:

It is well settled that an assignment of a bond for a conveyance of land does not import a warranty of the tittle, and only imposes on the assignor the responsibility ordinarily devolved on assignors resulting from a failure of the assignee after due diligence to compel a compliance with the terms of the bond. The notes in controversy in this case being given for part of the consideration of the assignment of the bond given by Williams as guardian of Ferguson it devolved on the defendant, in order to avail the notes, to show either a failure to enforce the covenanty of the bond by the prosecution of a suit thereon with due diligence or such other facts as would have entitled the appellant to a recovery against the appellee in consequence of the assignment if the

entire consideration thereof had been paid such a ground for re-
lief is not, in our opinion, established on the part of the appellant
in this case. The answer of Ferguson tendering his deed in com-
pliance with the covenant of his late guardian is a sufficiene re-
spone to the allegation that Williams was unable to have the title
conveyed so far as it vested in Ferguson, and it does not appear
that Ferguson had not such title at least as his guardian under-
took to sell.

We do not perceive that there was any abuse of the discretion
of the court in refusing to permit the amended answer and cross
petition to be filed; but if there was, the error is not available in
this court, for the reason that the paper copied by the clerk as
the amended pleading is not made part of the record by any bill
of exceptions or order of the court identifying it as that which
was offered and rejected, the descriptive note of the clerk, for
that purpose, being insufficient according to repeated decisions of
this Court.

Wherefore, the judgment is *affirmed.*